Jose VELASQUEZ–LOMELI, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–70108.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 21, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Antonio Reyna Salazar, Esq., Salazar Law Offices, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and BERZON, Circuit Judges.

MEMORANDUM **

Jose Velasquez–Lomeli, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

■ The record does not compel the conclusion that Velasquez–Lomeli established extraordinary circumstances to excuse his late filed asylum application. *See* 8 C.F.R. § 208.4(a)(5).

■ The record does not compel the conclusion that Velasquez–Lomeli suffered past persecution or has a clear probability of persecution on account of a protected ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Dinu v. Ashcroft*, 372 F.3d 1041, 1044–45 (9th Cir.2004) (no well-founded fear based on a protected ground if government has a legitimate prosecutorial purpose). Therefore, his withholding of removal claim fails.

■ Substantial evidence supports the BIA's finding that Velasquez–Lomeli failed to establish that is more likely than not he would be tortured if returned to Mexico. *Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir.2006).

We reject Velasquez–Lomeli's due process contention that the IJ was biased

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**42**

when he considered an unauthenticated warrant fails for lack of prejudice. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge an individual must show substantial prejudice).

**PETITION FOR REVIEW DENIED.**